**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**FRANK IRVIN III**                                                                          **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 5:08-CV-P181-R**

**FEDERAL BUREAU OF PRISONS et al.**                                      **RESPONDENTS**

**MEMORANDUM OPINION**

Petitioner filed a petition for writ of habeas corpus on a court-supplied form for a habeas

corpus writ under 28 U.S.C. § 2254.  His petition alleges that he has been deprived of his

custody-time credit, meritorious good-time awards, and time spent on parole.  The Court

determined Petitioner's claims are proper under 28 U.S.C. § 2241 because they concern the

manner, location, or conditions of the execution of Petitioner's sentence and not the fact of

Petitioner's conviction or sentence.  However, because it appeared from Petitioner's petition and

memorandum in support that he had not exhausted any administrative remedies relative to the

calculation of his federal sentence, the Court ordered Petitioner to show cause why his petition

should not be dismissed for failure to exhaust his administrative remedies.

Petitioner responded, arguing that he had exhausted his administrative remedies through

letters he had written.  He attached to his response copies of two letters written by him dated

October 26, 2004.  The first letter was addressed to Kathleen M. Hawk-Sawyer,[1] Federal Bureau

of Prisons (BOP), in which he asked for a review of his files which Petitioner believed

demonstrated that he did not owe the United States any more time.  He also attached a response

from the Warden Charles E. Samuels, Jr., Federal BOP, Federal Correctional Institution,

---

[1] The Court takes note that Kathleen Hawk Sawyer was the BOP Director between 1992
and 2003.  *See* www.bop.gov.

Manchester, Kentucky, dated November 19, 2004.  That letter explained that his correspondence sent to the BOP Director had been forwarded to the Warden's office for a response.  That letter further stated that a review of his sentence computations had been conducted and the BOP had determined they were correct.  The second letter was addressed to the United States Parole Commission (USPC).  The Petitioner attached a February 24, 2005, letter from the USPC stating that BOP was responsible for computing his sentence.  After review of Petitioner's response to the show-cause order, the Court ordered Respondent to answer the petition.

Respondent has now filed a motion to reconsider and dismiss the petition for failure to exhaust administrative remedies (DN 11).  Petitioner has filed a response (DN 15).  As discussed below, the Court will grant the motion and dismiss the petition for failure to exhaust administrative remedies.

Respondent argues that Petitioner did not exhaust his administrative remedies because although he wrote two letters to the USPC and BOP in 2004, Petitioner took no further action after BOP responded on November 19, 2004, and gave Petitioner a calculation showing that his current release date is August 5, 2011.  Respondent cites to 28 C.F.R. § 542.10, *et seq.*, which establishes BOP's administrative-remedy procedure.  That procedure requires that an inmate who is unable to resolve his complaint informally may file a formal written complaint on the proper form within 20 days.  If the inmate is not satisfied with the warden's response, he may appeal, within 20 calendar days, and if the inmate is not satisfied with the regional director's response he may appeal within 30 days to the Office of General Counsel.  28 C.F.R. § 542.15(a).  "Appeal to the General Counsel is the final administrative appeal."  *Id.*  Respondent attaches to the motion the affidavit of Denise M. Gottleib, paralegal specialist of the Consolidated Legal

Center of the Kentucky Bureau of Prisons.  She avers that Petitioner was a federal inmate

incarcerated at the Federal Correctional Institution at Manchester, Kentucky, and was most

recently paroled on July 3, 2003.  She further averred that he did not file for any remedies during

his incarceration with the BOP.

In his response, Petitioner argues that he has filed his written request to "regional

direction and to the office of general counsel . . . as required."  He states that he should not be

faulted for not having the form to request having his time recalculated while being on parole and

asserts that he is at a disadvantage because he is not trained in the law.  He also asserts that

Respondent's motion to dismiss should be dismissed because it is not signed as required by Fed.

R. Civ. P. 11(a) and is in violation of Local Criminal Rule 49.3.

Although § 2241 "does not specifically require federal prisoners to exhaust their

administrative remedies before seeking habeas corpus in the federal district courts," federal

courts impose the requirement in some cases.  *Six v. U.S. Parole Comm'n*, 502 F. Supp. 446, 448

(E.D. Mich. 1980); *see also Hacker v. Fed. Bureau of Prisons*, No. 06-12425, 2006 WL

2559792, at *5 (E.D. Mich. Sept.1, 2006) ("The Sixth Circuit has approved of the general

principle that the Bureau of Prisons should be allowed the opportunity to consider the

application of its policy to a habeas petitioner's claims before the federal courts entertain them.")

(citing *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001)).

Typically, where a petitioner challenges the computation of credit for time-served, a

reviewing court cannot entertain such an action unless the petitioner has exhausted his

administrative remedies within the Bureau of Prisons.  "Federal regulations have afforded

prisoners administrative review of the computation of their credits, and prisoners have been able

3

to seek judicial review of these computations after exhausting their administrative remedies"

(citations omitted)."  *United States v. Wilson,* 503 U.S. 329, 335 (1992); *see also United States v.*

*Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992); *United States v. Rogers*, No. 5:04-CR-90,

2007 WL 2345253, at *1 (M.D. Ga. Aug. 14, 2007).  These regulations also pertain to "former

inmates for issues that arose during their confinement."  28 C.F.R. § 542.10(b); *see also Covell*

*v. Scibana*, 21 F. App'x. 291, 293 (6th Cir. Aug. 9, 2001) ("The fact that [Petitioner] is not

incarcerated is of no moment in this context as the applicable regulations state that the

Administrative Remedy Program applies to former inmates for issues that arose during their

confinement." ).

Petitioner asserts that he exhausted his claims based on the letters he wrote.  Petitioner

did not file the pertinent form with the warden as laid out in the regulations.  However, the letter

that he wrote to the BOP Director was referred to the warden, who responded.  Thus, even

assuming, but not deciding, that Petitioner properly completed the first formal step in the

administrative-remedy procedure in obtaining a response from the warden,[2] Petitioner does not

argue or demonstrate that after he received the letter from the warden stating that his sentence

calculation was correct that he pursued any avenue for appealing that determination as laid out

by federal regulations.  Thus, Petitioner has not demonstrated that he has exhausted all avenues

of administrative review.

"[T]he habeas exhaustion requirement is not without exception, as a prisoner's failure to

exhaust available state or administrative remedies may be excused where pursuing such remedies

---

[2] The Supreme Court has held that in order to satisfy the requirement that administrative remedies be exhausted prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process.  *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006).

would be futile or unable to afford the petitioner the relief he seeks. " *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006).  A habeas petitioner's failure to complete the administrative remedy process also may be excused where his failure is due to the administrator, rather than the petitioner.  *Id.*  Although Petitioner argues that he is at a disadvantage because he is not trained in the law, he does not argue that pursuing administrative remedies would be futile or that he was prevented from exhausting the administrative remedies.  Thus, Petitioner has not demonstrated that his failure to exhaust administrative remedies should be excused.

Petitioner also asserts that Respondent's motion to dismiss should be dismissed because it is not signed as required by Fed. R. Civ. P. 11(a) and is in violation of Local Criminal Rule 49.3.  Respondent's motion was filed electronically in accordance with Joint General Order 05-03, which instructs that all pleadings must be filed electronically unless otherwise exempt from electronic filing.  According to Local Civil Rule 5.4, "A docment filed by electronic means in compliance with this Local Rule constitutes a written document for the purposes of applying these Local Rules and the Federal Rules of Civil Procedure."  The Local Criminal Rules, cited by Petitioner, do not apply to this habeas action, as habeas actions are civil, not criminal, in nature.  *Browder v. Dir., Dep't. of Corr. of Ill.*, 434 U.S. 257, 563 (1978) (explaining that habeas corpus proceedings are civil in nature and therefore the Federal Rules of Civil Procedure apply); *Fisher v. Baker*, 203 U.S. 174, 181 (1906).  Thus, Respondent's motion is properly signed as contemplated by the Federal Rules and the rules of this Court.

Accordingly, the Court will, by separate Order, grant Respondent's motion to dismiss and dismiss Petitioner's petition for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1).  A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:

cc:      Petitioner, *pro se*
          Counsel of record
4413.009

6